**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLARENDON AMERICA INSURANCE, CO. | CIVIL ACTION NO. 07-1887 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BAYOU FLEET SERVICE, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 22) filed by the plaintiff, Clarendon America Insurance Company ("Clarendon"). Clarendon moves for summary judgment in this declaratory judgment action on the grounds that it owes no coverage for damages and losses associated with an automobile accident, which is the subject of a Texas personal injury lawsuit, because the accident occurred after the Clarendon insurance policy period. See id. To date, the Motion for Summary Judgment is unopposed. For the reasons which follow, the Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND.**

Clarendon issued a commercial garage policy (number DSA007102) to Bayou Fleet Service, Inc. ("Bayou Fleet"), with a policy period of December 21, 2002 to December 21, 2003. See Record Document 22, Exhibit A. Derek Myers ("Myers") filed a lawsuit in the State of Texas alleging that he sustained injuries in an automobile accident that occurred on June 23, 2005. See id., Exhibits B & C. In the lawsuit,[1] Myers alleges that the accident

---

[1]The lawsuit is captioned, "Derek Myers v. Hendrickson USA, L.L.C., et al.," Cause No. D-177,961, 136th Judicial District, Jefferson County, Texas.

was caused by the fault of Bayou Fleet, and by the negligence/fault of other defendants, Michael Collins Leger ("Leger"), Herman R. Stevens, Jr. ("Stevens"), and Harry Tommasi ("Tommasi"). See id. Specifically, he alleges that Bayou Fleet and the individual defendants negligently performed repair work on the vehicle involved in the 2005 accident. See id.

On November 13, 2007, Clarendon filed a complaint seeking a declaratory judgment that policy DSA007102 provides no coverage for damages and/or losses alleged by Myers in the Texas personal injury lawsuit because the automobile accident occurred after the policy period. See Record Document 1, ¶¶ 5, 9. Clarendon filed the instant Motion for Summary Judgment on the same grounds. See Record Document 22.

The named defendants in the complaint are Bayou Fleet, Myers, Leger, Stevens, and Tommasi. See Record Document 1, ¶ 1. On August 11, 2008, default judgment was entered against Tommasi. See Record Document 28. On September 3, 2008, the action was dismissed as to Bayou Fleet for failure to prosecute. See Record Document 30. Thus, the remaining defendants in this declaratory judgment action are Myers, Leger, and Stevens.

## II.  LAW AND ANALYSIS.

### A.  Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp.

v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

Here, Clarendon served a copy of its Motion for Summary Judgment on July 18, 2008. To date, no party has responded to the Motion for Summary Judgment.[2] Local Rule 7.5W requires a respondent opposing a motion to file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion. Clearly, the defendants have failed to oppose the Motion for Summary Judgment within the required fifteen day period. Federal Rule of Civil Procedure 56 provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party' response . . . must set forth specific facts showing that there is a genuine issue for trial.

---

[2]On August 22, 2008, counsel for Myers advised the Court in writing that he did not intend to file opposition on behalf of Myers to the Motion for Summary Judgment. See Record Document 29.

> If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.C.P. 56(e). As discussed below, the Court finds it appropriate to enter summary judgment in favor of Clarendon.

**B.    Clarendon Policy Number DSA007102.**

The policy period of the Clarendon policy issued to Bayou Fleet was from December 21, 2002 to December 21, 2003. See Record Document 22, Exhibit A. The policy provides coverage for bodily injury and property damages caused by "accident" and resulting from "garage operations." Id., Exhibit A at Section II(A). Section V of the policy further states:

> 7.    POLICY PERIOD, COVERAGE TERRITORY
>
> Under this Coverage Form, we cover:
>
> a.    "Bodily injury", "property damage" and "losses" ***occurring***; and
>
> b.    "Covered pollution cost or expense" arising out of "accidents" ***occurring***
>
> ***during the policy period*** shown in the Declarations and within the coverage territory.

Id., Exhibit A at Section V(A)(7) (emphasis added).

The aforementioned policy language indicates that the Clarendon policy is an occurrence policy, which requires that the bodily injury or property damage occur during the policy period as the trigger of coverage. See McKenzie & Johnson, Insurance Law and Practice, § 183, 15 La. Civil Law Treatise (3d Ed. 2006). When enforcing or interpreting such policies, Louisiana courts have consistently held that bodily injury or property damage resulting from an accident must occur during the policy period in order to trigger coverage

under an occurrence policy. See Oceanonics, Inc. v. Petroleum Distributing Co., 292 So. 2d 190 (La. 1974); Oxner v. Montgomery, 34,766 (La.App. 2 Cir. 8/1/01), 794 So.2d 86.

Here, the Texas personal injury lawsuit alleges that, prior to the accident in 2005, Bayou Fleet and the individual defendants negligently performed repair work on the vehicle involved in the 2005 automobile accident. However, under controlling Louisiana jurisprudence,[3] even if the alleged negligent repair work occurred during the policy period, there is no coverage under the Clarendon ***occurrence*** policy because the accident and all resulting bodily injury and property damage occurred after the expiration of the policy period. Accordingly, the Court finds that there is no coverage under the Clarendon policy for any losses and/or damages arising from or related to the 2005 accident and the Motion for Summary Judgment is granted.

## III.   CONCLUSION.

Based on the foregoing, the Court finds that the 2005 automobile accident at issue in the Texas personal injury suit occurred after the expiration of the Clarendon insurance policy period and there is no coverage under the Clarendon policy for any losses and/or damages arising from or related to such accident. Accordingly, the Motion for Summary Judgment (Record Document 22) is **GRANTED** and the Court enters judgment declaring that Clarendon policy number DSA007102 provides no coverage for the losses, damages, and claims asserted by Myers in the Texas personal injury suit.

---

[3] As this case is before this Court on diversity of citizenship subject matter jurisdiction, this Court, under Erie, is bound to apply Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938).

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith. The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of October, 2008.

                                                                              _____
                                                                              S. MAURICE HICKS, JR.
                                                                              UNITED STATES DISTRICT JUDGE